IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY eg D.C.
05 NOV 29 AM 10: 00
THOMAS M. GOULD
CLERK US DISTRICT COURT
W/D OF TN MEMPHIS

|  |  |  |
|---|---|---|
| CURTIS LEE O'NEAL, | X | |
| Petitioner, | X | |
| vs. | X | No. 04-2886-B/P |
| T.C. OUTLAW, | X | |
| Respondent. | X | |

ORDER DIRECTING CLERK TO ENTER JUDGMENT
AND
ORDER DENYING MOTION PURSUANT TO FED. R. CIV. P. 59(e)

Petitioner Curtis Lee O'Neal, Bureau of Prisons inmate registration number 10868-057, an inmate at the Federal Correctional Institution in Memphis, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 2, 2004, along with a motion seeking leave to proceed in forma pauperis. The Court issued an order on November 9, 2004 denying leave to proceed in forma pauperis and directing the petitioner to pay the habeas filing fee within thirty days. O'Neal paid the filing fee on November 19, 2004. The Court issued an order on March 7, 2005 denying the petition and certifying that an appeal would not be

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-29-05

⑥

taken in good faith. On March 22, 2005, petitioner filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).[1]

A party should be afforded relief from a judgment pursuant to Fed. R. Civ. P. 59(e) under only limited circumstances:

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) (footnotes omitted); see Nagalingam v. Wilson, Sowards, Bowling & Costanzo, No. 00-5453, 2001 WL 493392, at *2 (6th Cir. May 1, 2001).

In this case, O'Neal's motion raises a new challenge to his designation as an armed career criminal, relying on the Supreme Court's decision in Shepard v. United States, 125 S. Ct. 1254 (2005), which was issued the same day the Court denied the petition.

---

[1] As the Clerk has neglected to enter a judgment in this case, the motion is timely. The Clerk is ORDERED to enter judgment forthwith.

In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court addressed the circumstances under which a burglary conviction qualifies as a violent felony, within the meaning of 18 U.S.C. § 924(e).[2] The Supreme Court held that "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599. Where a state criminal statute defines the offense of burglary more broadly, a court is permitted to examine "the charging paper and jury instructions" to determine whether they "actually required the jury to find all the elements of generic burglary in order to convict the defendant." Id. at 602.

Subsequently, in Shepard v. United States, 125 S. Ct. 1254, 1263 (2005), the Supreme Court held that, in determining whether a conviction constitutes a "burglary" for purposes of § 924(e), a sentencing court may not look to police reports but, rather, "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."

---

[2] Pursuant to 18 U.S.C. § 924(e)(2)((B)(ii), the definition of "violent felony" encompasses "burglary."

3

In his most recent motion, O'Neal argues that the decision in Shepard provides further support for his position that he is "actually innocent" of the armed career criminal enhancement. Once again, O'Neal attempts to challenge only the sentencing court's conclusion that the 1977 North Carolina larceny conviction was a "violent felony" within the meaning of § 924(e). In the order dismissing the petition, the Court rejected O'Neal's arguments, which relied on the decision in Taylor, on the ground that

> [t]he issues raised in the petition concerning the 1977 [conviction] were available to O'Neal when he was sentenced, on direct appeal, and when he filed his § 2255 motion. Moreover, the law governing use of these convictions has not changed since O'Neal was sentenced. Under these circumstances, the § 2255 remedy is not inadequate or ineffective and these issues cannot be raised in a petition pursuant to 28 U.S.C. § 2241.

03/07/05 Order at 7. O'Neal contends that the Supreme Court's recent decision in Shepard represents a change in the law. Motion for Reconsideration of Judgment Pursuant to Fed. R. Cv. [sic] P. 59(e), filed Mar. 22, 2005 ("P. Mot."), at 4. He also asserts, without supporting evidence, that, in sentencing him under § 924(e), "[a]t no time did the government provide sufficient evidence in terms of law and findings of fact, or any other documents pertaining to the 1977 larceny conviction plea itself, but relied solely on the probation department and prosecution's theory of the prior larceny based on police investigation reports, alone." Id. at 6.

4

Even if it is assumed that O'Neal has a potentially valid challenge to his sentence in light of Shepard, he is still not entitled to relief under 28 U.S.C. § 2241 because he has not attempted to demonstrate that the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. Paragraph 8 of § 2255 provides as follows:

> A second or successive motion must be certified as prescribed in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; of
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The petition does not address why O'Neal did not present this argument to the Fourth Circuit in an application to file a second or successive § 2255 motion. Because the decision in Shepard relied on the Supreme Court's decisions in Jones v. United States, 526 U.S. 227 (1999); Apprendi v. New Jersey, 530 U.S. 466 (2000); and Almendarez-Torres v. United States, 523 U.S. 224 (1998), which were based on the Sixth Amendment, the Fourth Circuit views the decision in Shepard as implicating the Sixth Amendment. United States v. Washington, 404 F.3d 834, 840-41 (4th Cir. 2005). Under these circumstances, O'Neal's claim could potentially fall within ¶ 8, § 2 of 28 U.S.C. § 2255.

5

More fundamentally, even if every factual representation made by O'Neal about the 1977 larceny conviction is accepted as true, the decision in Shepard does not establish that he is actually innocent of the career offender enhancement. In this case, O'Neal is raising a technical objection to the nature of the proof offered at the sentencing hearing in his federal case as to the conduct underlying a prior conviction. He is not making a substantive argument, based on the facts underlying that prior conviction, that it is not, in fact, a violent felony. This type of "legal innocence" argument is not synonymous with actual innocence. See Smith v. Murray, 477 U.S. 527, 537 (1986).

The Court therefore DENIES thee motion pursuant to Fed. R. Civ. P. 59(e).

IT IS SO ORDERED this 28th day of November, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 2:04-CV-02886 was distributed by fax, mail, or direct printing on November 29, 2005 to the parties listed.

---

Curtis Lee O'Neal
FCI-MEMPHIS
10868-057
P.O. Box 34550
Memphis, TN 38184--055

Honorable J. Breen
US DISTRICT COURT